OPINION
Appellant, Richard T. Brown, appeals from the decision of the Lake County Court of Common Pleas, Domestic Relations Division, granting a divorce to him and appellee, Barbara A. Brown.
The parties were married on September 9, 1989 and no children were born as issue of the marriage. On September 24, 1999, appellee filed for divorce, seeking spousal support, a distribution of property, attorney fees, and other relief. On October 28, 1999, appellant moved the court for leave to plead and answer appellee's motion for temporary support. Appellant's motion was not accompanied by a proffered judgment entry. The magistrate found that the motion was not in compliance with the local rules and was moot. Accordingly, the magistrate dismissed the motion. Also on October 28, 1999, appellant filed an answer and counterclaim for divorce.
On November 1, 2000, the court notified the parties that a final trial was scheduled for January 18, 2001. However, on November 7, 2000, the court notified the parties that the trial date had been cancelled and moved to December 21, 2000.
On December 14, 2000, appellant moved for a court ordered appraisal of the marital residence. Also, on December 14, 2000, just one week before the final hearing, appellant's counsel moved to continue because: (1) she would be out of town; and (2) the court had not yet ruled on her motion requesting that appellee be ordered to allow an appraiser to access the marital residence. Appellant's motion for court ordered appraisal of the marital residence and motion for continuance, were, in fact, filed simultaneously — both motions were filed on December 14, 2000, at 10:19 a.m. Therefore, as a matter of clarification, we note that appellant's counsel's request for a continuance due to the trial court's failure to rule on her motion for a court ordered appraisal was without merit because both motions were filed on the same date, at the same time.
The following day, the court granted appellant's motion for a court ordered appraisal of the marital residence and directed appellee to allow appellant's appraiser on the premises for that purpose. Further, the court stated that "counsel and the parties are reminded that this matter is scheduled for Final Trial on December 21, 2000 and nothing in the within Order is to be construed as a continuance of that trial date."
The final trial was held on December 21, 2000. Only Appellee and her counsel were present at the trial. On January 2, 2001, the magistrate's decision was filed.
On January 18, 2001, sixteen days after the filing of the magistrate's decision, appellant's counsel filed for an extension of time to file objections to the magistrate's decision. On January 22, 2001, the court granted appellant's motion and extended the filing date until February 1, 2001. Also on January 22, 2001, appellant filed objections to the magistrate's report; however, the certificate of service stated: "A copy of the foregoing was served upon the following, via Ordinary U.S. mail, postage prepaid, this _________ date of December, 2000. * * *" Appellant's objections were neither supported by a transcript of the evidence submitted to the magistrate, nor by an affidavit attesting to evidence, if the transcript was not available. A hearing on the objections was scheduled for February 15, 2001.
On February 21, 2001, the court filed a judgment entry dismissing appellant's objections, finding that the certificate of service accompanying appellant's objections was not completed in compliance with the Rules of Civil Procedure. On February 22, 2001, the court adopted the findings of the magistrate and filed a judgment entry of divorce. From this decision, appellant appeals raising the following assignments of error:
 "[1.] The Court erred in advancing the trial date to a date at the Christmas Holiday season and then denying (not acting on) Appellant's Motion to Continue the December 21, 2000 [sic].
 "[2.] The Court erred in advancing the trial date from mid-January to mid-December 2000; thereby giving Appellant one month less time to prepare for trial, resolve issues concerning discovery, secure an appraisal of the marital residence, etc. and then, after having advanced the trial date, when it was clear at the final pre-trial that there were ongoing discovery issues and an oral request for an appraisal of the marital residence, by denying Appellant's Motion to Continue the December 21, 2000 trial date until Appellant had had time to secure an order from the court compelling Appellee to cooperate with the Appraiser that Appellant had retained to appraise the property.
 "[3.] The court erred by not ruling on Appellant's Motion to Compel Discovery concerning evidence of debts that Appellee was alleging were marital but which Appellant had no knowledge of and then assigning said debts to Appellant without evidence having been produced concerning the legitimacy of such debt as a marital debt for which Appellant could have any responsibility.
 "[4.] The court erred by valuing the marital residence for a value far less than the appraised fair market value and not creating a record for the review of a higher court as to how the court arrived at the valuation of the marital residence.
 "[5.] The Court erred by not allowing the introduction at the hearing on Appellant's Objections to the Magistrate's Decision of testimony and evidence that Appellee had knowledge of a much higher fair market value of the marital residence because Appellee had secured an appraisal of the marital residence as part of a refinancing application of the marital residence commenced prior to the date of the final hearing which so indicated.
 "[6.] The Court erred in the allocation of marital assets and liabilities by misnaming and mis-valuing various marital assets including the kinds of automobiles each party possessed and the amount of debt associated with each automobile.
 "[7.] The Court erred in not assigning a value to the furniture and household possessions[,] which were awarded exclusively to Appellee.
 "[8.] The Court erred in inequitably allocating the marital assets without enumerating in a findings of fact and conclusions of law pursuant to the provisions of ORC 3105.171 the evidentiary basis of each asset and rationale for the Court's allocation.
 "[9.] The Court erred in inequitably allocating a greater portion of the marital assets to Appellee and then further awarding Appellant Five Thousand Dollars ($5,000) to be paid by Appellant when there is not conforming [sic] to statutory provision concerning the award of attorney fees.
 "[10.] The court erred in not considering Appellant's cancelled checks and bank printout as proof of his having paid what he was ordered to pay pursuant to the temporary order of support — i.e.[,] Appellant was ordered to pay one-half of the mortgage directly to the mortgage holder — and without having a hearing on Appellee's Motion to Show Cause of allowing Appellant the opportunity to introduce evidence and testimony that Appellant had provided said cancelled checks and letter(s) to Appellee's counsel concerning Appellant's payment of one-half of the mortgage which Appellee had fraudulently concealed at the December 21, 2000 hearing at which time the Magistrate awarded Appellee a sum of money for the `arrearage' on the temporary support order."
This court advised all parties on January 14, 2002 that oral argument was scheduled for May 1, 2002, at 9:30 a.m. On May 1, 2002, appellant's counsel informed the court that she would be unable to appear to present argument because she was required to be in the Lorain County Court of Common Pleas, on another matter. Later that day, appellant's counsel faxed this court a judgment entry from the Lorain County Court of Common Pleas, dated May 1, 2002, stating that the trial in Eppley v. Eppley,
Lorain County Court of Common Pleas No. 00DU58025 "will proceed until the conclusion, and all parties and counsel are to be present." Pursuant to App.R. 21(E), this court heard oral argument on behalf of the appellee, despite appellant's counsel's failure to appear to present argument on behalf of her client.
Returning to the appeal before us, we will address appellant's first and second assignments of error together as they are interrelated. In both of these assignments of error, appellant posits that the trial court erred in advancing the final trial date to a date during the Christmas holiday, without appellant's counsel's consent.
It is well settled that a trial court is vested with broad discretion controlling its own docket. State v. Unger (1981), 67 Ohio St.2d 65, 67. In the instant case, on November 1, 2000, the court notified the parties that a final trial was scheduled for January 18, 2001; however, five days later, on November 7, 2000, the court notified the parties that the trial date had been cancelled and moved to December 21, 2000. Because the trial court promptly and properly notified the parties of the change in the trial date, we cannot conclude that the trial court abused its discretion in managing its docket simply because it set a hearing during the Christmas holiday. Appellant's contention that the trial court erred by advancing the trial date to a date during the Christmas holiday season is wholly without support in the law.
Appellant correctly states that, in advancing the trial date from mid-January to mid-December 2000, appellant had one month less time to prepare for trial; however, appellant had filed his answer and counterclaim more than one year before and still had over one month to continue to prepare for trial.
Next, appellant contends that the court erred by denying his motion to continue the final hearing scheduled for December 21, 2000, by "not acting on it." The record reveals that, despite being notified of the trial date, on November 7, 2000, appellant failed to move for a continuance until December 14, 2000.
The decision whether to grant or deny a continuance rests in the sound discretion of the trial court. See e.g., State v. Unger (1981),67 Ohio St.2d 65, 67. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. In deciding whether a trial court abused its discretion in granting or denying a motion for continuance, a reviewing court must balance "the court's right to control its docket and the public's interest in the prompt and efficient dispatch of justice against any potential prejudice to the defendant." In re Kreist (Aug. 6, 1999), 11th Dist. No. 98-T-0093, 1999 Ohio App. LEXIS 3605, at *7.
 The factors a court should consider in deciding whether to grant or deny a motion to continue include:
 "* * * the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Unger, supra, at 67-68.
With these factors in mind, we note that the record reveals appellant previously requested and received a continuance of the August 31, 2000 hearing. Appellant's counsel's request for a continuance of the final trial was for the legitimate reason that she had tickets to see "The Nutcracker" in New York City; however, she was dilatory in failing to promptly notify the court of her need for a continuance. Instead of immediately notifying the court that she would be out of town on the day of trial and that another attorney could not attend the final trial on her behalf, appellant's counsel waited until December 14, 2000. In her motion, appellant's counsel asked the court to continue the December 21, 2000 final trial date, because she "with [sic] be out of town on this date and has reservations for December 20, 2000[,] which must be honored."
It is important to note that appellant's counsel's motion for a continuance was predicated on the fact that she would be out of town and the court's failure to rule on the motion for a court ordered appraisal of the marital property. In the court's December 15, 2000 judgment entry, it granted appellant's request for a court ordered appraisal of the marital residence and reminded the parties that the matter was scheduled for December 21, 2000, noting that nothing in its order should be construed as continuing the trial date. Thus, it appears that, in determining whether to grant appellant's motion for continuance, the court considered the fact that it granted appellant's request for court ordered appraisal of the marital residence. Interestingly, appellant states in his brief, that the trial court erred in denying appellant's motion to continue until appellant had time to secure an order compelling an appraisal of the marital residence. Rather than grant a continuance until appellant secured such an order, the court seems to have rejected appellant's request for continuance and ordered the appraisal.
Appellant's motion for court ordered appraisal and motion for continuance, were, in fact, filed simultaneously. As noted supra, appellant's counsel's request for a continuance based on the trial court's failure to rule on her motion for a court ordered appraisal was without merit since both motions were filed simultaneously.
The court's order stating that appellee must allow appellant's appraiser to enter the residence for the purpose of completing an appraisal negated the need to continue the final trial date until appellant had secured such an order.
Appellant's first and second assignments of error are without merit.
In appellant's third assignment of error, he posits that the trial court erred by failing to rule on his motion to compel discovery; however, appellant fails to support or explain the basis for his third assignment of error. "[G]enerally, when a trial court fails to rule on a motion, the appellate court will presume the trial court overruled the motion." Karlen v. Carfangia (June 1, 2001), 11th Dist. No. 2000-T-0081, 2001 Ohio App. LEXIS 2481, at *9. Hence, a trial court does not err simply by failing to rule on a motion. Because appellant does not argue that the trial court erred in denying his motion, this court will not examine the issue. Accordingly, appellant's third assignment of error is without merit.
We may not consider appellant's fourth through tenth assignments of error because he failed to properly object to the magistrate's decision below. Objections to a magistrate's decision must be specific and stated with particularity. Civ.R. 53 (E)(3)(b). "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under [Civ.R. 53]." Id. The commentary to Civ.R. 53(E)(3)(b) reveals that the rule "reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection."
Appellant's objections were dismissed for failure to comport with the Ohio Rules of Civil Procedure. The certificate of process accompanying appellant's January 22, 2001 objection to the magistrate's report stated: "A copy of the foregoing was served upon the following, via Ordinary U.S. mail, postage prepaid, this _____ date of December, 2000. * * *" Because the certificate of process contained the wrong month and year, and the date was left blank, the court determined that the objections were not properly served on all counsel and parties and the objections were dismissed.
While at first blush this deficiency might appear minor, under the totality of the circumstances surrounding this case, we cannot conclude that the trial court abused its discretion. The court repeatedly held that documents submitted by appellant's counsel did not comport with the Ohio Rules of Civil Procedure. For example, on October 28, 1999, appellant filed a motion for leave to answer appellee's motion for temporary support, which was subsequently dismissed and denied because it was not in compliance with local rules.
Additionally, appellant's motion to continue a hearing scheduled for August 31, 2000 was denied, without prejudice, because appellant's counsel did not obtain her client's consent, the motion did not comport with the local rules of court, and was not served on all the defendants[1]. Appellant's counsel subsequently moved to continue the August 31, 2000 hearing; however, the motion was denied for failure to complete the service of process. The certificate of process was neither dated, nor signed. Appellant's third motion to continue the August 31, 2000 hearing was granted.
In light of the foregoing, we cannot conclude that the trial court abused its discretion in dismissing appellant's objections to the magistrate's report for failure to properly serve all counsel and parties. Because appellant failed to properly object, he is prohibited from assigning as error the court's adoption of any finding of fact or conclusion of law. Civ.R. 53(E)(3)(b).
Appellant's procedural failure to properly object to the magistrate's decision is dispositive of his fourth through tenth assignments of error. However, we must briefly take notice of the fact that appellant also failed to supply the trial court with a copy of the transcript or, if unavailable, an affidavit of the evidence presented in the hearing before the magistrate, in support of his objections to the magistrate's decision. Civ.R. 53(E)(3)(b) states that [a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if no transcript is available."
In contradiction of appellant's repeated assertions, in his brief, that no recording was made of the final trial, the record contains a tape recording of the trial which, in fact, was transcribed. After briefing was completed in the instant appeal, appellant obtained a copy of the transcript and moved this court to supplement the record therewith. An appellate court is "not permitted to review or rely upon materials that were not before the trial judge." Allen v. Allen (June 26, 1998), 11th Dist. No. 97-T-0114, 1998 Ohio App. LEXIS 2922, at *8. Therefore, appellant's motion was denied and this court has not reviewed or relied on the transcript.
Appellant's fourth through tenth assignments of error are without merit.
Based on the foregoing, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division is hereby affirmed.
JUDITH A. CHRISTLEY, J., DIANE V. GRENDELL, J., concur.
[1] The following parties were third party defendants: Wirtzberger Enterprises, Inc.; Carpenter's Union Local #95; and John DiFinni.